UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CLARENCE D. JOHNSON, JR.,

        Plaintiff,

  v.

Case No. 19-cv-1892-pp

WELLS FARGO, and
CHEX SYSTEMS,

        Defendants.

---

**ORDER DENYING AS MOOT PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), DENYING AS MOOT PLAINTIFF'S MOTION FOR EVIDENTIARY HEARING (DKT. NO. 5) AND DISMISSING CASE FOR FAILURE TO STATE A CLAIM**

---

Last December, the plaintiff filed two cases within a week's span. Johnson v. Ebenezer Baptist Church, *et al.*, Case No. 19-cv-1876; Johnson v. Wells Fargo, *et al.*, Case No. 19-cv-1892. In this case, the plaintiff has sued Wells Fargo and Chex Systems for "several bank fraud incidents that have damaged" his "financial and social status in America by way of theft and deception." Dkt. No. 1 at 2. Both cases ask the court for an award of seven million dollars and urge the court to see Angelo at the FBI about other banking crimes in Illinois, Kentucky and Ohio. Case No. 19-cv-1876, Dkt. 1 at 3; Case No. 19-cv-1892, Dkt. No. 1 at 2. In both cases, the plaintiff filed motions to proceed without prepaying the filing fee. Case Nos. 19-cv-1876 and 18-cv-1892, Dkt. No. 2.

1

To allow a plaintiff to proceed without prepaying the filing fee, the court first must determine whether he is able to pay the costs of starting the lawsuit. 28 U.S.C. §1915(a). If the plaintiff cannot pay, the court determines whether the complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

The plaintiff says that he is unemployed, isn't married and has no income or assets. At the same time, next to the question "[s]tate your spouse's total *monthly* wages or salary," the plaintiff wrote "$1700 monthly $40: 23 hr Time Half Double Time." Dkt. No. 2 at 2. The motion the plaintiff filed in 19-cv-1876 says that the plaintiff isn't married; he put "0" in the line for his monthly wages or salary, but underneath that wrote "1600 weekly." Case No. 19-cv-1876, Dkt. No. 2 at 2. The court cannot tell from these motions whether the plaintiff is married or not, whether he has income or how much income he might have. The court will not, however, require the plaintiff to amend his motion to proceed without prepaying the filing fee because his complaint fails to state a claim.

The federal notice pleading system requires a plaintiff to provide a "short and plain statement of the claim" showing that he is entitled to relief. Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead every fact supporting his claims; he needs only to give the defendant fair notice of the claim and the grounds upon which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). At the same time,

the allegations "must be enough to raise a right to relief above the speculative level." Id., 550 U.S. at 555. Because the plaintiff represents himself, the court must liberally construe the allegations of his complaint. Erikson v. Pardus, 551 U.S. 89, 94 (2007).

A federal court does not have the authority to hear all cases. The court has jurisdiction over cases where the plaintiff has alleged that the defendants violated federal laws or the federal Constitution. 28 U.S.C. §1331. The plaintiff alleges "theft and deception"—claims that sound like state-law claims. He mentions the word "fraud;" Fed. R. Civ. P. 9(b) requires a plaintiff to plead a fraud claim "with particularity," which the plaintiff has not done. He does not identify any federal law or federal constitutional provision that he believes the defendants violated. He does not explain how the defendants are related to him—does he bank at Wells Fargo? What is Chex Systems? He does not explain what each of the defendants did, when it happened, how it happened or what, if any, injuries he suffered (beyond damage to his "social status"). The plaintiff does not even explain where any of the "fraud incidents" occurred. The plaintiff has not stated a claim for a violation of a federal law or the federal Constitution.

A federal court also has jurisdiction over cases involving an amount in controversy exceeding $75,000 between citizens of different states. 28 U.S.C. §1332. The plaintiff lives in Illinois; Wells Fargo is a citizen of Delaware and the court can't determine the state of incorporation of Chex Systems. Even if, however, the three parties are citizens of different states, the plaintiff has not

described any events that occurred here in the Eastern District of Wisconsin, and he has not provided sufficient facts to state a claim under state law. The court must dismiss the case.

The plaintiff also has asked the court for an evidentiary hearing and a trial date. Dkt. No. 5. He says, "[a]ll cases trial by jury criminal + civil due process law discrimination. These defendant's need attorneys." Id. The words "according to international criminal courts guidelines" and "U.S. Attorney office" appear at the bottom of this motion. Id. There is no need for the court to schedule an evidentiary hearing or a trial, because the plaintiff has not stated any claims for which a federal court could grant relief.

The court **DENIES AS MOOT** the plaintiff's motion to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DENIES AS MOOT** the plaintiff's motion for an evidentiary hearing. Dkt. No. 5.

The court **ORDERS** that this case is **DISMISSED** for failure to state a claim. The court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 4th day of February, 2020.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**