UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CLARENCE D. JOHNSON, JR.,

        Plaintiff,

v.

        Case No. 19-cv-1892-pp

WELLS FARGO, and CHEX SYSTEMS,

        Defendants.

**ORDER DENYING PLAINTIFF'S REINSTATEMENT MOTION TO FAILURE TO STATE CLAIM (DKT. NO. 8)**

On February 4, 2020, the court dismissed this case at the screening stage because the plaintiff had failed to state a clam under either federal law, the Constitution or state law. Dkt. No. 6. The plaintiff has filed a document titled "Reinstatement Motion to Failure to State Claim," along with twelve pages of the court's prior orders in this case and a copy of the form of judgment in Case No. 19-cv-1876. Dkt. Nos. 8, 8-1. Because the plaintiff has failed to identify a manifest error of law or newly discovered evidence, the court will deny the motion for reinstatement.

The court construes the plaintiff's motion as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e). Because the plaintiff filed the motion eight days after the court entered judgment, it is timely under Rule 59(e). However, "Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." Obriecht v. Raemisch, 517 F.3d 489, 494 (7th Cir. 2008) (citing Sigsworth v. City of Aurora, 487 F.3d 506, 511-12 (7th Cir. 2007)). Whether to

1

grant a motion to amend judgment "is entrusted to the sound judgment of the district court." In re Prince, 85 F.3d 314, 324 (7th Cir. 1996).

The plaintiff's motion consists of the following sentence:

> Now comes Attorney sending in motion for reinstatement failure state claim Both cases $18 million each Case Civil, criminal due process law Discrimination Trial By Jury all cases.

Dkt. No. 8. The court previously explained to the plaintiff that it has limited jurisdiction. Dkt. No. 6 at 3. While his motion mentions "due process" and "discrimination"—which can be federal causes of action depending on who a person is suing and what the person says they did—the plaintiff never has explained what Wells Fargo or Chex Systems did to him, when they did it, how they did it, why they did it or how he was injured. The complaint identified different claims (theft and deception, fraud) but again, did not allege any facts. Dkt. No. 1. Who stole from the plaintiff? Who defrauded him? How did they do it? When did they do it? Without any facts, the court cannot allow the plaintiff to proceed.

The court **DENIES** the plaintiff's reinstatement motion to failure to state claim. Dkt. No. 8.

Dated in Milwaukee, Wisconsin this 16th day of June, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**
